ORIGINAL

Approved: _____
THOMAS S. BURNETT
Assistant United States Attorney

Before: THE HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED COMPLAINT** |
| - v. - | Violations of 8 U.S.C. §§ 1326(a) and (b)(2) |
| RUI XIANG CAI,<br>a/k/a "Rui Cai"<br>a/k/a "Rui Xing Cai,"<br>a/k/a "Steven Coi," | COUNTY OF OFFENSE:<br>NEW YORK |
| Defendant. | |

- - - - - - - - - - - - - - - - - -X

SOUTHERN DISTRICT OF NEW YORK, ss.:

CHRISTIAN SABATINO, being duly sworn, deposes and says that he is a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and charges as follows:

COUNT ONE
(Illegal Reentry)

1. From at least on or about December 17, 2019, in the Southern District of New York and elsewhere, RUI CAI, a/k/a "Rui Xing Cai," a/k/a "Steven Coi," the defendant, being an alien, unlawfully did enter, and was found in, the United States, after having been removed from the United States subsequent to a conviction for commission of an aggravated felony, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

(Title 8, United States Code, Sections 1326(a) and (b)(2).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

2. I am an officer with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), and I have been personally involved in the investigation of this matter. This affidavit is based in part upon my conversations with law enforcement agents and others, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based upon my review of public court records and records maintained by ICE regarding RUI XIANG CAI, a/k/a "Rui Cai," a/k/a "Rui Xing Cai," a/k/a "Steven Coi," the defendant, including RUI's criminal history, I have learned, among other things, the following:

   a. CAI is a native and citizen of the People's Republic of China. He is not, and has never been, a citizen of the United States.

   b. On August 27, 1993, Officers of the New York State Police, Saratoga, arrested CAI for burglary in the first degree, robbery in the first degree, and criminal use of a firearm in the first degree, in violation of, respectively, New York Penal Law Sections 140.30, 160.15, and 265.09 (the "1993 Arrest").

   c. On or about May 18, 1994, CAI was convicted in Saratoga County Court of robbery in the second degree, a felony, in violation of New York Penal Law Section 160.10 (the "1994 Robbery Conviction").

   d. On or about November 27, 1996, the 1994 Robbery Conviction was withdrawn, and in place of the 1994 Robbery Conviction, CAI entered an amended plea to robbery in the third degree, a felony, in violation of New York Penal Law Section 160.05 (the "1996 Robbery Conviction").

   e. On or about November 26, 1997, CAI was ordered removed from the United States to the People's Republic of China, based upon a removal order issued by a United States immigration judge.

f. On or about May 10, 2001, CAI was deported from the United States to the People's Republic of China (the "2001 Removal").

4. On or about December 17, 2019, New York City Police Department Officers arrested CAI in Queens, New York (the "2019 Arrest"). CAI was arraigned on charges of enterprise corruption, promoting gambling in the first degree, and conspiracy in the fifth degree, in violation of, respectively, New York Penal Law Sections 460.20, 225.10, and 105.05. After the arraignment, CAI was released on his own recognizance.

a. I and other ICE officers took CAI into ICE custody after his release. After we read CAI his *Miranda* rights, CAI made a statement, in which he stated that he had been in Yonkers, New York, during the week of the 2019 Arrest and that he had been in Manhattan, New York, approximately one month before the 2019 Arrest. Both Yonkers, New York, and Manhattan, New York, are in the Southern District of New York.

5. I have reviewed a report by a Deportation Officer trained in fingerprint analysis and comparison, who has reviewed and compared: (1) a fingerprint impression bearing the name "Steven Coi," an alias of RUI XIANG CAI, taken in connection with the 1993 Arrest; (2) a fingerprint impression bearing the name "Rui Xiang Cai," taken in connection with the 2001 Removal; and (3) a fingerprint impression bearing the name "Rui Xiang Cai," taken in connection with the 2019 Arrest. The Deportation Officer trained in fingerprint analysis and comparison concluded that the fingerprint impressions were made by one and the same individual, namely RUI XIANG CAI, a/k/a "Rui Cai," a/k/a "Rui Xing Cai," a/k/a "Steven Coi," the defendant.

6. Based on my review of records maintained by ICE and my involvement in this investigation, I have learned that ICE has performed searches of all ICE indices and confirmed that, following the 2001 Removal to the People's Republic of China, RUI XIANG CAI, a/k/a "Rui Cai," a/k/a "Rui Xing Cai," a/k/a "Steven Coi," the defendant, never obtained the express consent of the Attorney General of the United States or the Secretary for the Department of Homeland Security to reapply for admission to the United States.

7. Based upon my training and experience with ICE, I understand that the 1996 Robbery Conviction qualifies as an

"aggravated felony" within the meaning of Section 1326(b)(2) of Title 8 of the United States Code.[1]

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of RUI XIANG CAI, a/k/a "Rui Cai," a/k/a "Rui Xing Cai," a/k/a "Steven Coi," the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
CHRISTIAN SABATINO
Deportation Officer
U.S. Department of Homeland Security

Sworn to before me this
___ day of January, 2020

_____
THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

---

[1] Based upon my training and experience with ICE, I also understand that the 1994 Robbery Conviction qualifies as an "aggravated felony" within the meaning of Section 1326(b)(2) of Title 8 of the United States Code.

4